UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAE KA WAE, | CASE NO. 2:26-cv-01219-LK |
| Petitioner, | ORDER DENYING PETITION FOR |
| v. | WRIT OF HABEAS CORPUS |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

This matter comes before the Court on Petitioner Jae Ka Wae's petition for writ of habeas corpus. Dkt. No. 5. Wae's petition alleged that his continued immigration detention was unlawful and that he was unlawfully denied bond. *Id.* at 2–6. He sought release from detention or an order requiring the agency "to hold a bond hearing where individual factors are considered that can allow for [his] release[.]" *Id.* at 2.

On May 27, 2026, consistent with the directive in the Court's Scheduling Order requiring Respondent to provide advance notice of any planned removal, Dkt. No. 6 at 2, U.S. Immigration and Customs Enforcement ("ICE") filed a notice that it intended to remove Wae in the imminent future and had provided him with a "notice of imminent removal" on May 16, 2026, Dkt. No. 12

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

at 1; Dkt. No. 12-1 at 1–2. On June 5, 2026, ICE filed a notice that Wae was no longer in immigration custody because he was removed from the United States on June 2, 2026. Dkt. No. 15 at 1.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). For a habeas petition to continue to present a live controversy after the petitioner's deportation, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, Wae's requests for relief, if successful, would not redress any "collateral consequences" of his purportedly unlawful detention because "[t]hese forms of relief relate solely to [his] detention, not the order of removal," *Zhon Wei Zhai v. Janecka*, No. 5:26-cv-00649-SPG-RAO, 2026 LX 38318, at *8 (C.D. Cal. Feb. 19, 2026). Thus, Wae's request for release or a bond hearing no longer presents a "live controversy[.]" *Abdala*, 488 F.3d at 1065; *see also Zhon Wei Zhai*, 2026 LX 38318, at *9 ("Because Petitioner is no longer detained—and, due to his deportation, cannot be re-detained under the present circumstances—the Court cannot grant Petitioner any relief on his Petition."); *Mejia v. Semaia*, No. 5:25-CV-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025) (finding that no collateral consequences remained where "Petitioner does not appear to contest the validity of his removal"); *Andrade v. Noem*, No. 2:25-CV-01240 KWR-JHR, 2026 WL 686485, at *2–4 (D.N.M. Mar. 11, 2026) (collecting cases for same proposition).

For those reasons, the Court dismisses Wae's petition for a writ of habeas corpus, Dkt. No. 5, as moot.

Dated this 11th day of June, 2026.

Lauren King
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2